# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **c/o United States Attorney's Office** | : | |
| **Judiciary Center Building** | : | |
| **555 4th Street, N.W.,** | : | |
| **Washington, DC 20530,** | : | **Civil Action No.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ONE 1998 CHEVROLET K2500 PICK-UP** | : | |
| **TRUCK, Vehicle Identification Number** | : | |
| **1GCGK29R0WE126375,** | : | |
| | : | |
| **ONE 2002 GMC DENALI XL K1500** | : | |
| **AUTOMOBILE, Vehicle Identification** | : | |
| **Number 1GKFK66U92J228291,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **ELEVEN ELECTRONIC ITEMS, seized on** | : | |
| **June 19, 2007, from 4908 Brentley Road** | : | |
| **in Temple Hills, Maryland,** | : | |
| | : | |
| **Defendants.** | : | |

_____:

## VERIFIED COMPLAINT FOR FORFEITURE _IN REM_

    **_COMES NOW_**, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint in a civil action _in rem_ seeking to condemn and forfeit the defendant properties, two automobiles and eleven electronic items, to the use and benefit of the United States government, as authorized by Title 21, United States Code, Section 881(a).  In support of this cause, as required by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, plaintiff states as follows:

## NATURE OF THE ACTION AND DEFENDANTS *IN REM*

1.    This is a civil action *in rem* brought to enforce the provisions of:  (1) 21 U.S.C. §

881(a)(4), which authorizes forfeiture of all conveyances, including vehicles, which are used, or are

intended for use, to transport or in any manner facilitate the transportation, sale, receipt, possession

or concealment of controlled substances, in violation of Title II of Pub.L. 91-513, popularly known

as the Controlled Substances Act, as amended, codified at 21 U.S.C. §§ 801, *et seq.*; and, (2) 21

U.S.C. § 881(a)(6), which authorizes the forfeiture of proceeds traceable to the exchange of moneys

and other things of value furnished for controlled substances, in violation of the Controlled

Substances Act.

2.    The defendant properties are automobiles and electronic items, described as:

(a) one 1998 Chevrolet K2500 pick-up truck, VIN 1GCGK29R0WE126375, last
registered with license plate BZ-0597 in the District of Columbia to Mr. Lonnell
Glover (hereafter called, "the defendant Chevrolet pick-up truck"); on June 19, 2007,
law enforcement officers seized the vehicle in Maryland;

(b) one 2002 GMC Denali XL K1500 automobile, VIN 1GKFK66U92J228291, last
registered with license plate BZ-2826 in the District of Columbia to Mr. Lonnell
Glover (hereafter called, "the defendant GMC Denali vehicle"); on June 19, 2007,
law enforcement officers seized the vehicle at a specific address in the 4900 block
of Brentley Road in Temple Hills, Maryland; and,

(c) eleven electronic items, which were seized on June 19, 2007, during the
execution of a search warrant at a residence on Brentley Road in Temple Hills,
Maryland, (hereafter called, "the defendant eleven electronic items").  These items
have been classified by the U.S. Federal Bureau of Investigation (FBI) as seizure
number 3920070221.  More specifically, these items are:

1.  Samsung HT-DS1000 home theater system with DVD/receiver, serial number
1UEXB00814F;

2.    Klipsch SYNERGY SUB-10-10" powered subwoofer, serial number
SUB10S+06520035;

3.  Bose 3-2-1 DVD home entertainment system with DVD/receiver, 2 satellites,

serial number 0277249331161024AS;

4.    Samsung HLP5085W 50" LCD wide-screen television, serial number 395L39SL3CEXA020715F;

5.    Mitsubishi WL-82913 72-inch DLP wide-screen television, serial number 100660;

6.    Sony DVP-NS45P DVD player, serial number 7004759;

7.    Philips TSU7500 color pronto remote control, serial number 135P-TSU7500;

8.    Phillips 23PF5320 23-inch LCD wide-screen television, serial number BZ4A0631287432;

9.    Sony "Bravia" KDL-32S2000 32-inch LCD wide-screen television, serial number 8002256;

10.    Samsung LNT-3253H 32-inch LCD wide-screen television, serial number AH6X3CQP305072; and,

11.    Dedicated Micros EC016CD-300GB DVD Rom/Video selector, serial number USA064608001.

All of the defendant properties are in the custody of an agency of the United States government.

## JURISDICTION AND VENUE

3.    This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345, because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress.  Venue is proper in this district by virtue of 28 U.S.C. § 1355(b)(1), because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395, because a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found.  The defendant properties are now, and during the pendency of this action will be, in the jurisdiction of

this Court.

4.      This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. § 983, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, particularly Rule G.

## STATEMENT OF FACTS

5.      On June 12, 2007, a grand jury handed up an indictment in the United States District Court for the District of Columbia in <u>United States</u> v. <u>Lonnell G. Glover</u>, *et al.*, Criminal Number 07-0153 (ESH) (hereafter called, "the indictment"). The indictment charged Mr. Lonnell G. Glover (hereafter called "Mr. Glover"), Mr. John Henry Smith, also known as "Smitty" (hereafter called, "Mr. Smith"), and more than a dozen other defendants with an unlawful Conspiracy To Distribute and To Possess With Intent to Distribute One Kilogram or More of Phencyclidine (PCP) and One Kilogram or More of Heroin, in violation of Title 21, United States Code, Section 846, a felony provision of the Controlled Substances Act (hereafter called, "the conspiracy"). The indictment charged that the conspiracy lasted from on or about August 1, 2005, up to and including June 11, 2007, and took place in the District of Columbia, Maryland, and elsewhere.

6.      Upon information and belief, during the time of the conspiracy, Mr. Glover had no lawful employment and spent much of his time arranging illegal transactions involving controlled substances.

7.      Upon information and belief, during the time of the conspiracy, Mr. Glover derived no significant income other than from the proceeds of the indicted conspiracy.

8.      During the time between at least January 1, 2007, and June 19, 2007, the defendant Chevrolet pick-up truck was registered to Mr. Glover. During this time, the defendant Chevrolet

pick-up truck had District of Columbia license tag BZ-0597.

9.      During the time between at least January 1, 2007, and June 19, 2007, the defendant GMC Denali vehicle was registered to Mr. Glover.  During this time, the defendant GMC Denali vehicle had District of Columbia license tag BZ-2826.

10.     On or about March 6, 2007, in furtherance of the conspiracy set forth in the indictment, Mr. Glover drove the defendant Chevrolet pick-up truck from a place in the metropolitan area of Washington, D.C., to a place in Georgia to obtain the controlled substance PCP unlawfully.

11.     Within a few days after March 6, 2007, Mr. Glover drove the defendant Chevrolet pick-up truck from a place in Georgia to a place in the metropolitan area of Washington, D.C., carrying PCP in the defendant Chevrolet pick-up truck.

12.     On March 23, 2007, at a place in the metropolitan area of Washington, D.C., Mr. Smith delivered a suitcase containing the controlled substance heroin to Mr. Glover, who received the heroin while he was in the defendant Chevrolet pick-up truck.

13.     Immediately after Mr. Smith delivered the heroin to Mr. Glover on March 23, 2007, the two had a conversation inside the defendant Chevrolet pick-up truck in which they discussed that Mr. Smith recently had returned from the New York metropolitan area after obtaining a shipment of heroin unlawfully.

14.     On May 16, 2007, Mr. Glover drove the defendant GMC Denali vehicle from a liquor store to the 4200 block of Branch Avenue in Marlow Heights, Maryland.  After arriving in this block at about 9:52 p.m. on May 16, 2007, Mr. Glover parked the defendant GMC Denali vehicle near a trash can.

15.     From the back seat of GMC Denali vehicle, Mr. Glover retrieved a white bag and

placed it in the trash can.  Mr. Glover then returned to the defendant GMC Denali vehicle and drove away.

16.     At 9:54 p.m., May 16, 2007, law enforcement agents seized the white bag  that Mr. Glover had placed in the trash can.  The contents of the white bag included a bleach bottle, four 32-ounce clear plastic bottles with a chemical smell consistent with PCP, and four vacuum-seal-type bags with a chemical smell consistent with PCP.

17.     On May 23, 2007, Mr. Smith and Mr. Glover met and discussed pooling their money to purchase larger quantities of heroin from their supplier in the New York City area, and also spoke about how to pick up their heroin shipment and pay their supplier.

18.     On or about May 27, 2007, Mr. Glover drove the defendant Chevrolet pick-up truck from a place in the metropolitan area of Washington, D.C., to a place in the metropolitan area of New York City, NewYork, to obtain heroin unlawfully.

19.     On or about May 27 & 28, 2007, Mr. Glover drove the defendant Chevrolet pick-up truck from a place in the metropolitan area of New York City, New York, to a place in the metropolitan area of Washington, D.C., carrying heroin in the defendant Chevrolet pick-up truck.

20.     On June 4, 2007, a federal judge in the District of Maryland issued a warrant to search the defendant Chevrolet pick-up truck based on its use to facilitate the distribution of narcotics.

21.     On June 4, 2007, a federal judge in the District of Maryland issued a warrant to search the defendant GMC Denali vehicle based on its being driven and maintained by Mr. Glover and on  Mr. Glover was then being actively engaged in the illegal trafficking of the controlled substances PCP and heroin.

22.    On June 19, 2007, sworn law enforcement agents arrested Mr. Glover at a specific address in the 9000 block of Old Palmer Road in Fort Washington, Maryland.

23.    On June 19, 2007, law enforcement agents executed a warrant to search the property and residence at the specific address in the 4900 block of Brentley Road in Temple Hill, Maryland, which was Mr. Glover's home.

24.    On June 19, 2007, during the execution of the federal search warrant at Mr. Glover's home on Brentley Road, law enforcement agents found and seized: (1) six full, 32-ounce bottles containing PCP; (2) two 16-ounce bottles containing PCP, one full and one partly full; and (3) three handguns, plus at least five ammunition magazines for the pistols.

25.    On June 19, 2007, during the execution of the federal search warrant at Mr. Glover's home on Brentley Road, law enforcement agents found more than $189,000.00 in U.S. currency and seized it.

26.    On June 19, 2007, law enforcement agents seized the defendant Chevrolet pick-up truck.

27.    On June 19, 2007, during the execution of a search warrant for the defendant Chevrolet pick-up truck, law enforcement agents found inside the vehicle about $10,500.00 in U.S. currency and seized it.

28.    On June 19, 2007, from the immediate area of Mr. Glover's home on Brentley Road in Temple Hills, Maryland, law enforcement agents seized the defendant GMC Denali vehicle.

29.    On June 19, 2007, during the execution of the federal search warrant at Mr. Glover's home on Brentley Road, law enforcement agents found the defendant eleven electronic items and seized them.

30.     At the time of their seizure in June 2007, the defendant eleven electronic items had a collective appraised value of more than $13,000.

31.     On or about June 19, 2007, law enforcement agents executed a warrant to seize the funds on deposit in Bank of America account number XXXXXX4145, held in the name of Chances Enterprises, a company set up by Mr. Glover.  As a result, agents obtained the sum of $86,614.65.

32.     On or about June 19, 2007, law enforcement agents executed a warrant to seize the funds on deposit in Suntrust Bank account number XXXXXXXX60331, held in the name of Mr. Glover.  As a result, the agents obtained the sum of $21,545.70.

33.     On or about June 19, 2007, law enforcement agents executed a warrant to seize the funds on deposit in Bank of America account number XXXXXX6541, held in the name of Chances Enterprises, a company set up by Mr. Glover.  As a result, agents obtained the sum of $1,106.75.

34.     On August 6, 2007, law enforcement agents executed a warrant to seize the funds on deposit in State Department Federal Credit Union account number XX5354, held in the name of Mr. Glover.  As a result, agents obtained the sum of $2,040.49.

35.     Upon information and belief, at the times that Mr. Glover bought the defendant electronic items, Mr. Glover had no wages from lawful employment and no legitimate income from Chances Enterprises.

36.     In whole or in part, the funds that Mr. Glover used to pay for the purchase the defendant electronic items were the proceeds of his participation in an unlawful conspiracy in violation of 21 U.S.C. § 846, that is, an unlawful conspiracy to distribute and possess with intent to distribute controlled substances, or other unlawful drug-trafficking in violation of the Controlled Substances Act.

37.     After the defendant Chevrolet pick-up truck, the defendant GMC Denali vehicle, and the defendant eleven electronic items had been seized on June 19, 2007, the Federal Bureau of Investigation ("FBI") began procedures to forfeit them to the U.S. government by an administrative, non-judicial process, and the FBI gave notice of this to Mr. Glover.

38.     On or about September 26, 2007, the FBI received on behalf of Mr. Glover a written claim of ownership of the defendant Chevrolet pick-up truck, the defendant GMC Denali vehicle, and the defendant eleven electronic items.

39.     After receiving Mr. Glover's claim to the defendant Chevrolet pick-up truck, the defendant GMC Denali vehicle, and the defendant eleven electronic items on September 26, 2007, the FBI halted the process for administrative forfeiture and referred the properties to the United States Attorney's Office for it to commence this judicial process to forfeit the defendant properties.

## COUNT ONE

1.     The factual statements made in paragraphs 1 through 39 are re-alleged and incorporated by reference herein.

2.     The defendant Chevrolet pick-up truck is a conveyance and vehicle which was used, or was intended for use, to transport in any manner, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of 21 U.S.C. §§ 841 and/or 846 of the Controlled Substances Act.

3.     As such, the defendant Chevrolet pick-up truck is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

## COUNT TWO

1.     The factual statements made in paragraphs 1 through 39 are re-alleged and

incorporated by reference herein.

2.      The defendant GMC Denali vehicle is a conveyance and vehicle which was used, or was intended for use, to transport in any manner, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of 21 U.S.C. §§ 841 and/or 846 of the Controlled Substances Act.

3.      As such, the defendant GMC Denali vehicle is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

## COUNT THREE

1.      The factual statements made in paragraphs 1 through 39 are re-alleged and incorporated by reference herein.

2.      The defendant eleven electronic items each constitutes property traceable to proceeds of one or more exchanges of moneys, negotiable instruments, securities, or other things of value furnished by a person in exchange for a controlled substance, in violation of 21 U.S.C. §§ 841 and/or 846 of the Controlled Substances Act.

3.      As such, the defendant eleven electronic items each is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

*WHEREFORE*, the plaintiff prays that, as to the above-referenced defendant properties, due process and a warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant properties be condemned as forfeited to the United States of America; and for such other and further relief as this Court  deem just, necessary and proper.

Respectfully submitted,

 /s/ Jeffrey A. Taylor
JEFFREY TAYLOR, D.C. Bar No. 498610
UNITED STATES ATTORNEY


 /s/ William R. Cowden
WILLIAM R. COWDEN, D.C. Bar No. 426301
Assistant United States Attorney


 /s/ Barry Wiegand
BARRY WIEGAND, D.C. Bar No. 424288
Assistant  United States Attorney
Criminal Division, Asset Forfeiture Unit
555  Fourth  Street,  N.W.,  Fourth  Floor
Washington, D.C. 20530
(202) 307-0299
William.B.Wiegand@USDoJ.Gov

## **VERIFICATION**

I, Timothy Pak, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this ___ day of December, 2007.

_____
Timothy Pak
Special Agent
Federal Bureau of Investigation

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

United States of America

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** Property described as One 1998 Chevrolet K2500 Pick-Up Truck, VIN 1GCGK29R0WE126375 et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE _____

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-02305
Assigned To : Leon, Richard J.
Assign. Date : 12/21/2007
Description: General Civil

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ⊗ 1 U.S. Government Plaintiff
- □ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZE...**
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ...

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**□ A. Antitrust**
- □ 410 Antitrust

**□ B. Personal Injury/ Malpractice**
- □ 310 Airplane
- □ 315 Airplane Product Liability
- □ 320 Assault, Libel & Slander
- □ 330 Federal Employers Liability
- □ 340 Marine
- □ 345 Marine Product Liability
- □ 350 Motor Vehicle
- □ 355 Motor Vehicle Product Liability
- □ 360 Other Personal Injury
- □ 362 Medical Malpractice
- □ 365 Product Liability
- □ 368 Asbestos Product Liability

**□ C. Administrative Agency Review**
- □ 151 Medicare Act

Social Security:
- □ 861 HIA ((1395ff)
- □ 862 Black Lung (923)
- □ 863 DIWC/DIWW (405(g)
- □ 864 SSID Title XVI
- □ 865 RSI (405(g)

Other Statutes
- □ 891 Agricultural Acts
- □ 892 Economic Stabilization Act
- □ 893 Environmental Matters
- □ 894 Energy Allocation Act
- □ 890 Other Statutory Actions (If Administrative Agency is Involved)

**□ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**⊗ E. General Civil (Other) OR □ F. Pro Se General Civil**

Real Property
- □ 210 Land Condemnation
- □ 220 Foreclosure
- □ 230 Rent, Lease & Ejectment
- □ 240 Torts to Land
- □ 245 Tort Product Liability
- □ 290 All Other Real Property

Personal Property
- □ 370 Other Fraud
- □ 371 Truth in Lending
- □ 380 Other Personal Property Damage
- □ 385 Property Damage Product Liability

Bankruptcy
- □ 422 Appeal 28 USC 158
- □ 423 Withdrawal 28 USC 157

Prisoner Petitions
- □ 535 Death Penalty
- □ 540 Mandamus & Other
- □ 550 Civil Rights
- □ 555 Prison Condition

Property Rights
- □ 820 Copyrights
- □ 830 Patent
- □ 840 Trademark

Federal Tax Suits
- □ 870 Taxes (US plaintiff or defendant
- □ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- □ 610 Agriculture
- □ 620 Other Food &Drug
- ⊗ 625 Drug Related Seizure of Property 21 USC 881
- □ 630 Liquor Laws
- □ 640 RR & Truck
- □ 650 Airline Regs
- □ 660 Occupational Safety/Health
- □ 690 Other

Other Statutes
- □ 400 State Reapportionment
- □ 430 Banks & Banking
- □ 450 Commerce/ICC Rates/etc.
- □ 460 Deportation

- □ 470 Racketeer Influenced & Corrupt Organizations
- □ 480 Consumer Credit
- □ 490 Cable/Satellite TV
- □ 810 Selective Service
- □ 850 Securities/Commodities/ Exchange
- □ 875 Customer Challenge 12 USC 3410
- □ 900 Appeal of fee determination under equal access to Justice
- □ 950 Constitutionality of State Statutes
- □ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| □ **G. Habeas Corpus/ 2255**<br><br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ **H. Employment Discrimination**<br><br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ **I. FOIA/PRIVACY ACT**<br><br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ **J. Student Loan**<br><br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ **K. Labor/ERISA (non-employment)**<br><br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ **L. Other Civil Rights (non-employment)**<br><br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ **M. Contract**<br><br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ **N. Three-Judge Court**<br><br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊠ 1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify)    □ Multi district Litigation    □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

21 U.S.C. sections 881(a)(4) and 881 (a)(6)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23    DEMAND $    Check YES only if demanded in complaint
JURY DEMAND: □ YES ⊠ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ⊠ YES □ NO    If yes, please complete related case form.

DATE    12/21/07    SIGNATURE OF ATTORNEY OF RECORD  Barry Wiegand, AUSA    *Barry Wiegand*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.