# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 07-2305 (ESH) |
| : | |
| **ONE 1998 CHEVROLET K2500 PICK-UP** : | |
| **TRUCK, Vehicle Identification Number** : | |
| **1GCGK29R0WE126375,** : | |
| : | |
| **ONE 2002 GMC DENALI XL K1500** : | |
| **AUTOMOBILE, Vehicle Identification** : | |
| **Number 1GKFK66U92J228291,** : | |
| : | |
| and : | |
| : | |
| **ELEVEN ELECTRONIC ITEMS, seized on** : | |
| **June 19, 2007, from 4908 Brentley Road** : | |
| **in Temple Hills, Maryland,** : | |
| : | |
| Defendants. : | |
| _____ : | |
| : | |
| **LONNELL G. GLOVER,** : | |
| : | |
| Claimant. : | |
| _____ : | |

## UNOPPOSED MOTION TO STAY AND SUPPORTING MEMORANDUM

*COMES NOW*, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to move to stay proceedings in this civil forfeiture action until 30 days after the return of a verdict in a related criminal case, United States v. Lonnell G. Glover, *et al.*, Crim. No. 07-0153 (ESH).  Through counsel in this related criminal case, Mr. Lonnell G. Glover has indicated that he does not oppose a stay.  Plaintiff files this motion after receiving a copy of a claim document to the defendant properties, dated March 20, 2007, which Mr. Lonnell G. Glover  seemingly made *pro se*.  The Court "fiated" the document, and the Clerk has

filed it in this case. The putative claimant is the same Mr. Lonnell Glover who is an indicted defendant in the related criminal case. In support of this motion, plaintiff respectfully submits as an incorporated Memorandum of Law the points and authorities cited below:

### I. BACKGROUND.

1. On June 12, 2007, a federal grand jury handed up an indictment, which was assigned to the Hon. Ellen S. Huvelle, U.S. District Judge, in United States v. Lonnell G. Glover, *et al.*, Crim. No. 07-0153 (ESH). The indictment charges a number of defendants with an unlawful conspiracy to distribute and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, as well as other crimes involving the distribution or possession of controlled substances.

2. On December 21, 2007, the government brought this civil action *in rem* against a number of defendant properties, claiming their forfeiture because of ties to drug-related crimes charged in the Glover criminal case. From Mr. Glover's possession at or near his home in Maryland on June 19, 2007, police seized the two automobiles and the eleven electronic items, which are defendants in this civil action When the government brought this civil forfeiture action, it stated that it was related to United States v. Lonnell G. Glover, *et al.*, Crim. No. 07-0153 (ESH).[1]

3. On March 25, 2008, this Court "fiated" and the clerk filed a document, styled **CLAIM**. It bears an internal date of March 20, 2007, and has a signature, "Lonnell Glover." Without acknowledging that this document constitutes a properly or timely filed claim in this civil action, or that it makes Mr. Glover a proper claimant or party to it, plaintiff states that it does not object to staying this forfeiture proceeding until 30 days after the jury renders a verdict in the related criminal case. To facilitate matters, plaintiff has filed this motion to stay. Plaintiff understand that

---

[1] This action first was assigned to U.S. District Judge R. J. Leon, and the government moved to transfer it. The matter now has been reassigned to Judge Huvelle.

Mr. Glover does not oppose a stay, based upon representations by Mr. Glover's appointed counsel in the criminal case, Mr. Eduardo Balarezo, Esq. Although Mr. Balarezo has not undertaken to represent Mr. Glover in this civil forfeiture action, undersigned counsel asked Mr. Balarezo to raise with Mr. Glover the issue of opposition to a stay.[2]

4.     Plaintiff asserts that the civil discovery, in which Mr. Glover would be virtually certain to engage in this forfeiture action, will seek information to which he has no entitlement under the Federal Rules of Criminal Procedure for discovery. Responding to such civil discovery will adversely affect the government's ability to conduct the prosecution of the related criminal case. Further, plaintiff acknowledges the likelihood that continuation of this forfeiture proceeding will burden Mr. Glover's right against self-incrimination in the related criminal case.[3]

## II. **GOVERNING LAW**.

5.     Title 18, U.S.C. § 981, authorizes the civil forfeiture of property with ties to various crimes, and § 981(g) authorizes a stay of civil forfeiture proceedings. Similarly, 21 U.S.C. § 881

---

[2] Mr. Glover also desired a similar stay of the government's related civil action seeking forfeiture of several sums of money, United States v. $189,880.00 in U.S. Currency, *et al.*, Civ. Act. No. 07-02156 (ESH). Mr. Glover had tried to file *pro se* a claim for those defendant properties, along with a request that those forfeiture proceedings be stayed. Mr. Glover apparently misfiled the *pro se* documents in the related criminal case, and the Court "fiated" them in the civil action. Without acknowledging that those documents constituted a properly filed claim, the government sought to stay Civ. Act. 07-02156, which the Court has ordered. On similar facts, again without conceding that Mr. Glover has properly or timely become a claimant in this action, the government is filing a stay motion for the Court's and Mr. Glover's convenience.

[3] To seek a stay, Mr. Glover must (A) be the subject of a related criminal investigation or case; and, (B) have standing to assert a claim in the civil forfeiture proceedings. See 18 U.S.C. § 981(g)(2). Plainly, Mr. Glover is the subject of a related criminal case. For the purposes of this motion for a stay *only*, plaintiff agrees that Mr. Glover has standing to assert a claim in this civil forfeiture proceeding. But, plaintiff does not waive its right to dispute that issue at a later stage of this action. See 18 U.S.C. § 981(g)(7) (court's determination that claimant has standing when seeking stay does not preclude government from objecting to claimant's standing in dispositive motion or at time of trial).

authorizes civil forfeiture of property based on its connection to certain drug-related offenses, and § 881(i) authorizes a stay of civil forfeiture proceedings under the provisions of 18 U.S.C. § 981(g).

6.     Subsection 981(g)(1) governs a stay on a motion by the United States, and § 981(g)(2) controls a claimant's motion for a stay.  The United States may seek a stay if "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."  18 U.S.C. § 981(g)(1).  A claimant may seek a stay if "continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case."  18 U.S.C. § 982(g)(2).

7.     As noted, plaintiff accepts that there is a reasonable basis in fact and in law for Mr. Glover to assert that his right against self-incrimination will be burdened by responding to the government's likely requests for civil discovery.  Plaintiff is certain that Mr. Glover's requests for discovery will affect adversely the government's ability to prosecute the related criminal case.  Consequently, plaintiff asks the Court to stay proceedings in this action until 30 days after the return of a verdict in <u>United States</u> v. <u>Lonnell G. Glover, et al.</u>, Crim. No. 07-0153 (ESH).  If the Court grants this motion, plaintiff will move to convene a status hearing in this action following the verdict, or otherwise advise the Court when the stay may be dissolved.

8.     A proposed order granting this motion is attached.

**WHEREFORE**, plaintiff prays this Honorable Court to grant this motion, to stay proceedings in this matter, and to issue the attached proposed order.

Respectfully submitted,

 */s/ Jeffrey A. Taylor*
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney
 */s/ Barry Wiegand*
Barry Wiegand, D.C. Bar #424288
Assistant United States Attorney

        555 4th Street N.W.
        Washington, DC 20530
        (202) 307-0299 (with voice-mail)
        (202) 514-8707 (Telefax)
        William.B.Wiegand@USDoJ.Gov (e-mail)
        Counsel for Plaintiff United States

      I HEREBY CERTIFY that a copy of this pleading and the attached motion and proposed order will be served through the Court's ECF system, and will be served on Mr. Lonnell G. Glover, either by posting a copy to him at the place of his detention pending trial on or before April 9, 2008, or by transmitting a copy of it to his counsel of record in the related criminal proceeding. To that end, I have had a copy of this motion and proposed order deposited in the U.S. mails, in an envelope to which sufficient postage for first-class delivery has been affixed, addressed to Mr. A. Eduardo Balarezo, Esq., Law Office of A. Eduardo Balarezo, 400 Fifth Street, N.W., Suite 300, Washington, D.C. 20001, 202) 639-0999 (tel); (202) 639-0899 (fax), Email: lawoffice@balarezo.net, and I have e-mailed a copy to Mr. Balarezo, as well.

        /s/ Barry Wiegand
        Barry Wiegand
        Assistant U.S. Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 07-2305 (ESH) |
| : | |
| **ONE 1998 CHEVROLET K2500 PICK-UP TRUCK**, Vehicle Identification Number 1GCGK29R0WE126375, : | |
| : | |
| **ONE 2002 GMC DENALI XL K1500 AUTOMOBILE**, Vehicle Identification Number 1GKFK66U92J228291, : | |
| and : | |
| **ELEVEN ELECTRONIC ITEMS**, seized on June 19, 2007, from 4908 Brentley Road in Temple Hills, Maryland, : | |
| Defendants. : | |
| **LONNELL G. GLOVER,** : | |
| Claimant. : | |

## **ORDER**

This matter came before the Court on plaintiff's motion for a stay of the proceedings in this civil forfeiture action, pursuant to 18 U.S.C. § 981(g) and 21 U.S.C. § 881. This followed the filing of what appears to be a *pro se* claim by Mr. Lonnell Glover, who is an indicted defendant in the case of <u>United States</u> v. <u>Lonnell G. Glover</u>, Crim. No. 07-0153 (ESH). Upon consideration of the representations in that motion, and the entire record herein, the Court determines that: (1) civil discovery will affect adversely the ability of the Government to prosecute a related criminal case; and, (2) claimants's rights against self-incrimination will be burdened in a related criminal case by

continuation of the proceedings of this action, at least until 30 days following the return of a verdict in the related criminal case, United States v. Lonnell G. Glover, Crim. No. 07-0153 (ESH).[1] Therefore, it is by the Court this ____ day of April 2008,

ORDERED, that plaintiff's motion for a stay of proceedings in this action be, and the same hereby is, GRANTED; and it is further

ORDERED, that proceedings in this action be, and the same hereby are, STAYED, until further order of the Court; and it is further

ORDERED, that within 30 days following the return of a verdict in the related criminal case, United States v. Lonnell G. Glover, Crim. No. 07-0153 (ESH), plaintiff shall move the Court to convene a status hearing in this action, or otherwise advise the Court when the stay may be dissolved.

SO ORDERED.

_____              _____
Dated                                                                                 ELLEN S. HUVELLE
                                                                                              United States District Judge

cc:    Lonnell G. Glover,
        c/o U.S. Marshals Service
        D.C. Jail

        Barry Wiegand                                      A. Eduardo Balarezo, Esq.
        Assistant United States Attorney         Law Office of A. Eduardo Balarezo
        Asset Forfeiture Unit, 4th floor              400 Fifth Street, N.W., Suite 300
        555 4th Street N.W.,                            Washington, D.C. 20001
        Washington, DC 20530                      (202) 639-0999 (tel)
        (202) 307-0299 (with voice-mail)       (202) 639-0899 (fax)
        (202) 514-8707 (Telefax)                   lawoffice@balarezo.net
        William.B.Wiegand@USDoJ.Gov

---

[1] Based upon plaintiff's acknowledgment of these points, as this is limited in its motion, the Court also has determined for purposes of the stay motion *only*, that claimant is a subject of a related criminal investigation or case and has standing to assert a claim in this action.