UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ONE 1998 CHEVROLET K2500 PICK-UP TRUCK, *et al.*, <br><br> Defendants, <br> -and- <br><br> LONNELL G. GLOVER, <br><br> Claimant. | Civil Action No. 07-2305 (TFH) |

## **MEMORANDUM OPINION**

This is a civil *in rem* action in which the United States (the "government") seeks the forfeiture of two automobiles and miscellaneous computer equipment it seized in 2007 during the criminal investigation and prosecution of the claimant, Lonnell G. Glover. *See* Verified Compl. for Forfeiture *In Rem*, ¶¶ 1, 26–29 (ECF No. 1). Pending before the Court is the Government's Motion for Summary Judgment (ECF No. 27). Like the companion case in *United States v. $189,880.00 in U.S. Currency*, No. 07-2156 (TFH), which is the subject of a similar opinion issued today, the merits of the government's motion in this case depend on a plea agreement that Glover executed on February 13, 2017, in his criminal case, *United States v. Glover*, No. 07-0153 (TFH). The government never submitted that plea agreement for the record in this case.

To prevail on summary judgment, the government must show that there are no genuine disputes of material fact and it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P.

56(a).  To show that there are no genuine disputes of material fact, the government must cite to "*particular parts of materials in the record*, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A) (emphasis added).

In addition, Rule 7(h)(1) of the Rules of the United States District Court for the District of Columbia (referred to as the "local rules") requires the government to provide a statement of undisputed material facts in support of its motion for summary judgment.  LCvR 7(h)(1).[1]  Rule 7(h)(1) further mandates that the statement of undisputed material facts "shall include *references to the parts of the record* relied on to support the statement."  *Id.* (emphasis added).

Both the government's Motion for Summary Judgment and its Statement of Undisputed Facts fail to reference matters that are part of the record in this case.  Instead, the government's Statement of Undisputed Facts cites Glover's February 13, 2017, plea agreement and other documents that are found in the record of Glover's criminal case.  *See, e.g.*, Gov't's Statement of Undisputed Facts In Supp. of Mot. for Summ. J. ¶¶ 16, 35–39 (ECF No. 27-1).  Meanwhile, it is clear that the success of the government's Motion for Summary Judgment depends on the truth of matters asserted in Glover's plea agreement.  The government's principal argument in favor of summary judgment is that Glover's plea agreement memorializes his promise to forfeit the property that is the subject of this civil *in rem* action.  *See* Gov't's Mem. of P.&A. In Supp. of Mot. for Summ. J. 5 (ECF No. 27-2) (arguing that "Glover's guilty plea, in which he forfeited all

---

[1] The local rules are available on the Court's public website at https://www.dcd.uscourts.gov/sites/dcd/files/LocalRulesJanuary_2019.pdf.

interest in the Seized Properties, necessitates summary judgment as a matter of law."). As already noted, however, that plea agreement has never been submitted for the record in this case.

Moreover, although Rule 201(b) of the Federal Rules of Evidence allows a federal court to take judicial notice of "a fact that is not subject to reasonable dispute" if that fact "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"—and the D.C. Circuit has applied this rule to take judicial notice of court records in other cases—a federal court may not rely on a court record that was subject to such judicial notice for the truth of matters asserted in that record. *See Hurd v. D.C., Gov't*, 864 F.3d 671, 686 (D.C. Cir. 2017) (internal quotation marks omitted). This "common-sense limitation on judicial notice is particularly apt in a case where the court purports to treat a noticed fact as preclusive." *Id.* In this case, the fact that Glover's plea agreement contains his promise to forfeit the property the government seeks could be preclusive if it prevents Glover from successfully challenging the government's motion for summary judgment.

Further complicating matters, Glover has appealed the February 13, 2017, plea agreement to the D.C. Circuit, which entertained oral arguments several months ago on December 6, 2018. *See* Courtroom Minutes of Oral Argument, *United States v. Glover*, No. 17-3034 (D.C. Cir. Dec. 6, 2018). Glover challenges the legality of the plea agreement on the grounds that (1) it was not knowingly and intelligently entered into, (2) he was coerced to plead guilty, (3) the Court failed to inform him about the consequences of the plea, (4) the Court did not investigate the serious concerns he expressed about his attorneys, and (5) his attorneys provided ineffective assistance of counsel regarding his guilty plea. *See* Br. of Appellant Lonnell G. Glover 1–2, *Glover*, No. 17-3034. Thus, on appeal, Glover is effectively challenging the truth of the matters asserted in

the very plea agreement on which the government relies to support the merits of its pending motion for summary judgment and to establish that no material facts are in dispute.

Although Glover failed to comply with the Court's October 18, 2018 order granting him until December 17, 2018, to file an opposition to the government's motion for summary judgment, the Court may not deem the government's motion to be conceded and "must . . . determine for itself whether the record and any undisputed material facts justify granting summary judgment."[2] *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) (quoting *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (Griffith, J., concurring)). Because it is material whether Glover agreed to forfeit the property that is the subject of this *in rem* action, however, the Court is unable to conclude that undisputed material facts justify granting summary judgment at this stage and in light of Glover's pending appeal in his criminal case.

## CONCLUSION

For all these reasons, the Court will deny without prejudice the Government's Motion for Summary Judgment (ECF No. 27). An order consistent with this Memorandum Opinion will be filed contemporaneously.

March 31, 2019

_____
THOMAS F. HOGAN
United States District Judge

---

[2] This Court also cannot grant summary judgment against Glover, who is a pro se prisoner, without first giving "fair notice of the requirements of the summary judgment rule." *Ham v. Smith*, 653 F.2d 628, 630 (D.C. Cir. 1981) (per curiam) (quoting *Hudson v. Hardy*, 412 F.2d 1091 (D.C. Cir. 1968)). The required notice must "include an explanation that the failure to respond to an adverse party's summary judgment motion may result in the district court granting the motion and dismissing the case." *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam).

4